**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NCR CORPORATION, a Maryland corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-CV-1057 |
| | ) |
| ALTICOR INC., a Michigan corporation, | ) Judge Conlon |
| AMWAY CORPORATION, a Delaware | ) |
| corporation, and QUIXTAR INC., a Virginia | ) Magistrate Judge Keys |
| corporation, | ) |
| | ) |
| Defendants. | ) DEMAND FOR JURY TRIAL |

**DEFENDANT QUIXTAR'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Quixtar Inc. ("Quixtar"), respectfully submits its Answer and Affirmative

Defenses to NCR Corporation's ("NCR") Complaint, as set forth below, solely on its own

behalf.  To the extent any response to the conclusory headings used in the complaint may be

deemed required, Quixtar denies any allegations set forth in those headings.  Quixtar denies any

allegation not deemed to be addressed below, if any, to the extent that the allegation is deemed to

require a response.

**PARTIES**

1.      Plaintiff NCR is a Maryland corporation with its principal place of business

located at 1700 South Patterson Boulevard, Dayton, Ohio 45479-0001.

**ANSWER:**   Upon information and belief, NCR is a Maryland corporation with its principal place of business in Dayton, Ohio.  Quixtar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

2.      On information and belief, Defendant Alticor Inc. is a Michigan corporation with its principal place of business located at 7575 Fulton St. East, Ada, Michigan 49355.

**ANSWER:**   Quixtar admits that Defendant Alticor Inc. is a Michigan corporation with its principal place of business located at 7575 Fulton St. East, Ada, Michigan 49355.

3.      On information and belief, Defendant Amway Corporation is a Delaware corporation with its principal place of business located at 7575 Fulton St. East, Ada, Michigan, 49355.

**ANSWER:**   Quixtar admits that Defendant Amway Corporation is a Delaware corporation with its principal place of business located at 7575 Fulton St. East, Ada, Michigan, 49355.

4.      On information and belief, Defendant Quixtar Inc. is a Virginia corporation with its principal place of business located at 7575 Fulton St. East Ada, Michigan 49355.

**ANSWER**:   Quixtar admits that Defendant Quixtar Inc. is a Virginia corporation with its principal place of business located at 7575 Fulton St. East Ada, Michigan 49355.

## JURISDICTION

5.      The following claims for patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§ 281 *et seq.*  This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338(a).

**ANSWER:**   Quixtar admits that the following claims for patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§ 281 *et seq.*  Quixtar admits that this Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338(a).

## VENUE

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**ANSWER:**   Quixtar does not contest that venue is proper in this District as to Quixtar, but denies the remaining allegations set forth in this paragraph.  Because venue is more appropriate in the Western District of Michigan, Quixtar has filed a motion to transfer this action to the Western District of Michigan.

## STATEMENT OF FACTS

7.      Plaintiff NCR is the owner by assignment of the following patents (referred to collectively below as the "NCR Patents"):

a.      U.S. Patent No. 5,832,496 (the "'496 Patent"), issued on November 3, 1998, entitled "System and Method for Performing Intelligent Analysis of a Computer Database", attached hereto as Exhibit A;

**ANSWER**:   Quixtar admits that a copy of the '496 patent is attached to the complaint as Exhibit A.  Quixtar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

b.      U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on September 14, 1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking among Multiple Browsers", attached hereto as Exhibit B;

**ANSWER**:   Quixtar admits that a copy of the '643 patent is attached to the complaint as Exhibit B.  Quixtar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

c.      U.S. Patent No. 5,991,791 (the "'791 Patent"), issued on November 23, 1999, entitled "Security Aspects of Computer Resource Repositories", attached hereto as Exhibit C;

**ANSWER**:   Quixtar admits that a copy of the '791 patent is attached to the complaint as Exhibit C.  Quixtar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

d.      U.S. Patent No. 6,026,403 (the "'403 Patent"), issued on February 15, 2000, entitled "Computer System for Management of Resources", attached hereto as Exhibit D;

**ANSWER**:   Quixtar admits that a copy of the '403 patent is attached to the complaint as Exhibit D.  Quixtar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

e.      U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001, entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map", attached hereto as Exhibit E;

**ANSWER**:    Quixtar admits that a copy of the '997 patent is attached to the complaint as Exhibit E.  Quixtar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

f.      U.S. Patent No. 6,253,203 (the "'203 Patent"), issued on June 26, 2001, entitled "Privacy-Enhanced Database", attached hereto as Exhibit F;

**ANSWER**:    Quixtar admits that a copy of the '203 patent is attached to the complaint as Exhibit F.  Quixtar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

g.      U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12, 2002, entitled "Managing a Resource on a Network where Each Resource Has an Associated Profile with an Image", attached hereto as Exhibit G;

**ANSWER**:    Quixtar admits that a copy of the '855 patent is attached to the complaint as Exhibit G.  Quixtar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

h.      U.S. Patent No. 6,502,096 (the "'096 Patent"), issued on December 31, 2002, entitled "Computerized Asset Management System", attached hereto as Exhibit H; and

**ANSWER**:   Quixtar admits that a copy of the '096 patent is attached to the complaint as Exhibit H.  Quixtar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

i.   U.S. Patent No. 6,714,931 (the "'931 Patent"), issued on March 30, 2004, entitled "Method and Apparatus for Forming User Sessions and Presenting Internet Data According to the User Sessions", attached hereto as Exhibit I.

**ANSWER**:   Quixtar admits that a copy of the '931 patent is attached to the complaint as Exhibit I.  Quixtar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

8.   Defendants directly and/or through subsidiary or affiliate companies, own and operate an Internet website at www.quixtar.com (the "Website").

**ANSWER:**   Quixtar admits that it operates an Internet website at www.quixtar.com (the "Website"), and denies the remaining allegations set forth in this paragraph.

9.   Defendants, by their design, manufacture or construction of the Website and/or the supporting systems, and/or by their use and operation of the Website, and/or by performing certain methods in connection with the operation of the Website, have infringed and continue to infringe one or more claims of each of the NCR Patents. The Website, including the system or systems, hardware, data, firmware, and software that constitute the Website or make the operation of the Website possible, are referred to herein as the "Accused Systems".

**ANSWER**:    Quixtar denies any and all allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 5,832,496)

10.    Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1-9 above as if set forth herein in full.

**ANSWER:**    Quixtar adopts its answers to paragraphs 1 through 9 as if set forth herein in full.

11.    Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)    In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '496 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '496 Patent and/or have induced or contributed to infringement of the '496 Patent;

**ANSWER**:    Quixtar denies any and all allegations set forth in this paragraph.

(b)    The infringement by Defendants of NCR's '496 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**ANSWER**:    Quixtar denies any and all allegations set forth in this paragraph.


(c)    The infringement by Defendants of NCR's '496 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**ANSWER**:    Quixtar denies any and all allegations set forth in this paragraph.


**SECOND CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 5,951,643)

12.    Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1-11 above as if set forth herein in full.

**ANSWER:**    Quixtar adopts its answers to paragraphs 1-11 above as if set forth herein in full.


13.    Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)    In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '643 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '643 Patent and/or have induced or contributed to infringement of the '643 Patent;

**ANSWER**:     Quixtar denies any and all allegations set forth in this paragraph.

(b)     The infringement by Defendants of NCR's '643 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**ANSWER**:     Quixtar denies any and all allegations set forth in this paragraph.

(c)     The infringement by Defendants of NCR's '643 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**ANSWER**:     Quixtar denies any and all allegations set forth in this paragraph.

**THIRD CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 5,991,791)

14.     Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

**ANSWER:**     Quixtar adopts its answers to paragraphs 1-13 above as if set forth herein in full.

15.     Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)      In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '791 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '791 Patent and/or have induced or contributed to infringement of the '791 Patent;

**ANSWER**:      Quixtar denies any and all allegations set forth in this paragraph.

(b)      The infringement by Defendants of NCR's '791 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**ANSWER**:      Quixtar denies any and all allegations set forth in this paragraph.

(c)      The infringement by Defendants of NCR's '791 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**ANSWER**:      Quixtar denies any and all allegations set forth in this paragraph.

## FOURTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,026,403)

16.      Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

**ANSWER:**     Quixtar adopts its answers to paragraphs 1-15 above as if set forth herein in full.

17.     Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)     In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '403 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '403 Patent, and/or have induced or contributed to infringement of the '403 Patent;

**ANSWER**:     Quixtar denies any and all allegations set forth in this paragraph.

(b)     The infringement by Defendants of NCR's '403 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**ANSWER**:     Quixtar denies any and all allegations set forth in this paragraph.

(c)     The infringement by Defendants of NCR's '403 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**ANSWER**:    Quixtar denies any and all allegations set forth in this paragraph.

### FIFTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,169,997)

18.    Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

**ANSWER:**    Quixtar adopts its answers to paragraphs 1-17 above as if set forth herein in full.

19.    Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)    In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '997 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '997 Patent and/or have induced or contributed to infringement of the '997 Patent;

**ANSWER**:    Quixtar denies any and all allegations set forth in this paragraph.

(b)    The infringement by Defendants of NCR's '997 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**ANSWER**:   Quixtar denies any and all allegations set forth in this paragraph.

(c)      The infringement by Defendants of NCR's '997 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**ANSWER**:   Quixtar denies any and all allegations set forth in this paragraph.

## SIXTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,253,203)

20.      Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1-19 above as if set forth herein in full.

**ANSWER:**   Quixtar adopts its answers to paragraphs 1-19 above as if set forth herein in full.

21.      Plaintiff NCR states that, to the best of its knowledge, information; and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)      In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '203 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '203 Patent, and/or have induced or contributed to infringement of the '203 Patent;

**ANSWER**:     Quixtar denies any and all allegations set forth in this paragraph.

(b)     The infringement by Defendants of NCR's '203 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**ANSWER**:     Quixtar denies any and all allegations set forth in this paragraph.

(c)     The infringement by Defendants of NCR's '203 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**ANSWER**:     Quixtar denies any and all allegations set forth in this paragraph.

## SEVENTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,480,855)

22.     Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

**ANSWER:**     Quixtar adopts its answers to paragraphs 1-21 above as if set forth herein in full.

23.     Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)      In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '855 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '855 Patent, and/or have induced or contributed to infringement of the '855 Patent;

**ANSWER**:    Quixtar denies any and all allegations set forth in this paragraph.

(b)      The infringement by Defendants of NCR's '855 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**ANSWER**:    Quixtar denies any and all allegations set forth in this paragraph.

(c)      The infringement by Defendants of NCR's '855 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**ANSWER**:    Quixtar denies any and all allegations set forth in this paragraph.

**EIGHTH CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 6,502,096)

24.      Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1-23 above as if set forth herein in full.

**ANSWER:**   Quixtar adopts its answers to paragraphs 1-23 above as if set forth herein in full.


25.   Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)   In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '096 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '096 Patent and/or have induced or contributed to infringement of the '096 Patent;

**ANSWER**:   Quixtar denies any and all allegations set forth in this paragraph.


(b)   The infringement by Defendants of NCR's '096 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**ANSWER**:   Quixtar denies any and all allegations set forth in this paragraph.


(c)   The infringement by Defendants of NCR's '096 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**ANSWER**:   Quixtar denies any and all allegations set forth in this paragraph.


## NINTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,714,931)

26.      Plaintiff NCR incorporates by reference the allegations set forth in paragraphs 1-25 above as if set forth herein in full.

**ANSWER:**      Quixtar adopts its answers to paragraphs 1-25 above as if set forth herein in full.


27.      Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)      In violation of 35 U.S.C. § 271(a), (b), and/or (c), Defendants have infringed and are infringing the '931 Patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '931 Patent and/or have induced or contributed to infringement of the '931 Patent;

**ANSWER**:      Quixtar denies any and all allegations set forth in this paragraph.


(b)      The infringement by Defendants of NCR's '931 Patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

**ANSWER**:   Quixtar denies any and all allegations set forth in this paragraph.


(c)   The infringement by Defendants of NCR's '931 Patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**ANSWER**:   Quixtar denies any and all allegations set forth in this paragraph.


**AFFIRMATIVE DEFENSES**


**AFFIRMATIVE DEFENSE NO. 1**
**NON-INFRINGEMENT OF U.S. PATENT NO. 5,832,496**

1.      Quixtar has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the United States Patent No. 5,832,496.


**AFFIRMATIVE DEFENSE NO. 2**
**NON-INFRINGEMENT OF U.S. PATENT NO. 5,951,643**

2.      Quixtar has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the United States Patent No. 5,951,643.


**AFFIRMATIVE DEFENSE NO. 3**
**NON-INFRINGEMENT OF U.S. PATENT NO. 5,991,791**

3.      Quixtar has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the United States Patent No. 5,991,791.

**AFFIRMATIVE DEFENSE NO. 4**
**NON-INFRINGEMENT OF U.S. PATENT NO. 6,026,403**

4.      Quixtar has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the United States Patent No. 6,026,403.

**AFFIRMATIVE DEFENSE NO. 5**
**NON-INFRINGEMENT OF U.S. PATENT NO. 6,169,997**

5.      Quixtar has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the United States Patent No. 6,169,997.

**AFFIRMATIVE DEFENSE NO. 6**
**NON-INFRINGEMENT OF U.S. PATENT NO. 6,253,203**

6.      Quixtar has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the United States Patent No. 6,253,203.

**AFFIRMATIVE DEFENSE NO. 7**
**NON-INFRINGEMENT OF U.S. PATENT NO. 6,480,855**

7.      Quixtar has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the United States Patent No. 6,480,855.

**AFFIRMATIVE DEFENSE NO. 8**
**NON-INFRINGEMENT OF U.S. PATENT NO. 6,502,096**

8.      Quixtar has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the United States Patent No. 6,502,096.

## AFFIRMATIVE DEFENSE NO. 9
## NON-INFRINGEMENT OF U.S. PATENT NO. 6,714,931

9.      Quixtar has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of the United States Patent No. 6,714,931.


## AFFIRMATIVE DEFENSE NO. 10
## INVALIDITY OF U.S. PATENT NO. 5,832,496

10.      The claims of United States Patent No. 5,832,496 are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.


## AFFIRMATIVE DEFENSE NO. 11
## INVALIDITY OF U.S. PATENT NO. 5,951,643

11.      The claims of United States Patent No. 5,951,643 are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.


## AFFIRMATIVE DEFENSE NO. 12
## INVALIDITY OF U.S. PATENT NO. 5,991,791

12.      The claims of United States Patent No. 5,991,791 are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.


## AFFIRMATIVE DEFENSE NO. 13
## INVALIDITY OF U.S. PATENT NO. 6,026,403

13.      The claims of United States Patent No. 6,026,403 are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.

**AFFIRMATIVE DEFENSE NO. 14**
**INVALIDITY OF U.S. PATENT NO. 6,169,997**

14.     The claims of United States Patent No. 6,169,997 are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.


**AFFIRMATIVE DEFENSE NO. 15**
**INVALIDITY OF U.S. PATENT NO. 6,253,203**

15.     The claims of United States Patent No. 6,253,203 are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.


**AFFIRMATIVE DEFENSE NO. 16**
**INVALIDITY OF U.S. PATENT NO. 6,480,855**

16.     The claims of United States Patent No. 6,480,855 are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.


**AFFIRMATIVE DEFENSE NO. 17**
**INVALIDITY OF U.S. PATENT NO. 6,502,096**

17.     The claims of United States Patent No. 6,502,096 are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.


**AFFIRMATIVE DEFENSE NO. 18**
**INVALIDITY OF U.S. PATENT NO. 6,714,931**

18.     The claims of United States Patent No. 6,714,931 are invalid for failing to meet the statutory requirements for patentability under 35 U.S.C. §§ 102, 103, and/or 112.

### AFFIRMATIVE DEFENSE NO. 19
### <u>LACHES</u>

19.     NCR's claims for relief are barred in whole or in part by the equitable doctrine of laches.

### AFFIRMATIVE DEFENSE NO. 20
### <u>EQUITABLE ESTOPPEL</u>

20.     NCR's claims for relief are barred in whole or in part by the equitable doctrine of equitable estoppel.

### AFFIRMATIVE DEFENSE NO. 21
### <u>PROSECUTION HISTORY ESTOPPEL</u>

21.     NCR's claims for relief are barred in whole or in part by the doctrine of prosecution history estoppel.

Dated:  March 27, 2007                    Respectfully submitted,

                                          s/  Jason C. White

                                          James R. Sobieraj
                                          Ralph J. Gabric
                                          Jason C. White
                                          Manish K. Mehta
                                          BRINKS HOFER GILSON & LIONE
                                          455 North Cityfront Plaza Drive
                                          NBC Tower – Suite 3600
                                          Chicago, Illinois  60611-5599
                                          Telephone:  (312) 321-4200
                                          Facsimile:  (312) 321-4299

                                          Attorneys for Defendants